**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Dezarae DeShaye Bennett and Dylan Suber, Defendants,

Of whom Dezarae DeShaye Bennett is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2025-002228

Appeal From Greenville County
Karen S. Roper, Family Court Judge

Unpublished Opinion No. 2026-UP-384
Submitted July 16, 2026 – Filed July 20, 2026

**AFFIRMED**

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of Charleston, for Appellant.

Rebecca Rush Wray, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

---

**PER CURIAM:**  Dezarae DeShaye Bennett (Mother) appeals the family court's order terminating her parental rights to her six minor children (Children).  The family court found clear and convincing evidence proved three statutory grounds for termination of parental rights (TPR): Mother's failure to remedy the conditions leading to Children's removal, Mother's willful failure to support Children, and Children remaining in foster care for at least fifteen of the previous twenty-two months.  On appeal, Mother argues the family court erred in determining TPR was in Children's best interests.  We affirm pursuant to Rule 220(b), SCACR.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Under the de novo standard of review, this court may make its own findings of fact; however, we continue to recognize the superior position of the family court to assess witness credibility.  *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 487 (2018).  Moreover, de novo review does not relieve the appellant of the burden of showing that the preponderance of the evidence is against the family court's findings.  *Id.*

We hold the family court did not err in finding TPR was in Children's best interests.  *See S.C. Dep't of Soc. Servs. v. Smith*, 423 S.C. 60, 85, 814 S.E.2d 148, 161 (2018) ("In a TPR case, the best interest of the child is the paramount consideration."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  At the TPR hearing, Mother conceded she failed to complete the court-ordered placement plan which was designed to assist Mother with managing her anger and learning parenting skills.  Additionally, although Mother testified she obtained housing shortly before the hearing, the housing was not stable despite Mother having over a year to address the matter.  Further, the guardian ad litem (GAL) testified TPR was in Children's best interests.  The Department of Social Services case manager and the GAL confirmed Children required placement in separate foster homes in order to receive necessary therapeutic treatment and one-on-one attention to address their behavioral issues.  Children resided in foster placements that fulfilled those needs, and they each had foster families who had expressed interest in adopting them.

Finally, the evidence showed Mother loved Children and visited them regularly; however, Mother was unable to manage Children's behavioral issues and negative behaviors as shown by her failing to acknowledge their misbehavior and requiring the help of DSS workers to stop Children from harming each other during visits. Accordingly, we hold TPR is in Children's best interests.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.